IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Portland Division

SAMANTHA M. KNAUS,                                    CV 09-6200-MA

                              Plaintiff,          OPINION AND ORDER

v.

MICHAEL ASTRUE,
Commissioner of Social
Security,

              Defendant.

KATHRYN TASSINARI
BRENT WELLS
HARDER, WELLS, BARON & MANNING, P.C.
474 Willamette, Suite 200
Eugene, OR 97401
(541) 686-1969

            Attorney for Plaintiff

DWIGHT C. HOLTON
United States Attorney
ADRIAN L. BROWN
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 245-6309

1 - OPINION AND ORDER

FRANCO L. BECIA
Special Assistant United States Attorney
Office of the General Counsel Social
Security Administration 701 Fifth
Avenue, Suite 2900 MS/901 Seattle, WA
98104-7075 (206) 615-2114

　　　Attorneys for Defendant

MARSH, Judge.

　　　Plaintiff Samantha Knaus seeks judicial review of the final
decision of the Commissioner denying her October 2, 2006,
application for supplement security income benefits (benefits)
under Title XVI of the Social Security Act, 42 U.S.C. §§
1381-83f.

　　　Plaintiff was 26 years old on the date of the final decision
of the Commissioner.  She seeks benefits beginning on January 1,
2002, because of back pain and a combination of a psychotic
disorder, depression, learning disorders, a possible post-
traumatic stress disorder, and cognitive disorders.  The
Administrative Law Judge (ALJ) held a hearing on February 11,
2009, and on February 20, 2009, he issued a decision that
plaintiff was not disabled.  Plaintiff timely appealed the
decision to the Appeals Council.  On May 20, 2009, the Appeals
Council denied plaintiff's request for review.  The ALJ's
decision, therefore, became the final decision of the
Commissioner for purposes of review.

　　　Plaintiff contends the ALJ erred in almost every aspect of
his evaluation of the evidence and the Commissioner's final
decision upholding the denial of her SSI claim, therefore, is
not supported by substantial evidence.  Plaintiff seeks an order

2 - OPINION AND ORDER

from this court reversing the final decision and remanding the case for an award of benefits or alternatively for further proceedings.  The Commissioner agrees the ALJ's analysis of the evidence was flawed for the reasons asserted by plaintiff, but moves the court to remand the matter for further proceedings to allow the ALJ another opportunity to evaluate the evidence appropriately.

For the following reasons, the Commissioner's Motion (#23) is **granted.**  The court **remands** this matter to the Commissioner for further proceedings as set forth herein.

## THE ALJ'S FINDINGS

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled.  Bowen v. Yuckert, 482 U.S.137, 140 (1987).  See also 20 C.F.R. § 404.1520. Plaintiff bears the burden of proof at Steps One through Four. See Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).  Each step is potentially dispositive.

At Step One, the ALJ found plaintiff had not engaged in substantial gainful activity since the alleged onset of her disability on October 2, 2006.

At Step Two, the ALJ found plaintiff has severe impairments relating to a learning disorder that limits her ability to read, write, and do basic mathematics, and methamphetamine dependence in remission.  See 20 C.F.R. §404.1520(c)(an impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work

3 - OPINION AND ORDER

activities).

At Step Three, the ALJ found these impairments do not meet or equal a listed impairment.

The ALJ found plaintiff has the residual functional capacity to perform a full range of work at all exertional levels.  She has non-exertional limitations, however, that restrict her to jobs involving routine tasks and procedures with realistic goals, that require her only to understand and remember simple, unrushed instructions.

At Step Four, the ALJ found plaintiff is unable to perform her past relevant work as a sales assistant and cashier, nursing assistant/caregiver, service station attendant, and fast food cashier/server.

At Step Five, the ALJ found plaintiff is able to perform a wide range of unskilled jobs that exist in significant numbers in the national economy.

Accordingly, the ALJ found plaintiff was not disabled and denied her claim for benefits.


## ISSUES ON REVIEW

The parties agree the ALJ erred by:  (1) not determining whether plaintiff's depression and psychosis are severe mental impairments, (2) in failing to properly assess the medical opinions of treating psychiatrist Elaine Mitchell, D.O., evaluating psychologist, Julie E. Redner, Ph.D., and evaluating

physician, Jennifer Ping, M.D.; and (3) failing to address the
lay witness evidence of plaintiff's mother.

Based on these errors, the parties agree the ALJ's
determination of plaintiff's residual functional capacity is
inadequate and the matter must be remanded to the Commissioner
for further proceedings.  The issue, therefore, is the scope of
the remand order.

## LEGAL STANDARDS

The initial burden of proof rests on the claimant to
establish disability.  Roberts v. Shalala, 66 F.3d 179, 182
(9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996).  To meet
this  burden, a claimant must demonstrate the inability "to
engage in  any substantial gainful activity by reason of any
medically  determinable physical or mental impairment which . . .
has lasted  or can be expected to last for a continuous period of
not less than 12 months."  42 U.S.C. § 423(d)(1)(A).
The district court must affirm the Commissioner's decision  if it
is based on proper legal standards and the findings are
supported by substantial evidence in the record as a whole.
42 U.S.C. § 405(g).  "Substantial evidence means more than a
mere scintilla but less than a preponderance; it is such relevant
evidence as a reasonable mind might accept as adequate to support
a conclusion."  Andrews v. Shalala, 53 F.3d 1035, 1039  (9th Cir.
1995).

The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. <u>Martinez v. Heckler</u>, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld, however, even if the "evidence is susceptible to more than one rational interpretation." <u>Andrews</u>, 53 F.3d at 1039-40.

The Commissioner bears the burden of developing the record. <u>DeLorme v. Sullivan</u>, 924 F.2d 841, 849 (9th Cir. 1991). The duty to further develop the record, however is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. <u>Mayes v. Massanari</u>, 276 F.3d 453, 459-60 (9th Cir. 2001).

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the <u>court. Harman v. Apfel</u>, 211 F.3d 1172, 1178 (9th Cir.), <u>cert. denied</u>, 121 S. Ct. 628 (2000).

"If additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded." <u>Lewin v. Schweiker</u>, 654 F.2d 631, 635 (9th Cir. 1981).

## <u>SCOPE OF REMAND</u>

For the following reasons, the court, in the exercise of its discretion, concludes a remand for further proceedings rather than the immediate payment of benefits

6 - OPINION AND ORDER

is appropriate.  Lewin, 654 F.2d at 635.

Plaintiff asserts the December 2006 opinion of the treating psychiatrist, Dr. Mitchell, that plaintiff could not hold down a full-time job at that time, should be credited as true.  See Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995).  Plaintiff also asserts the ALJ erroneously failed to address the lay witness evidence offered by plaintiff's mother as of November 2006.  See Stout v. Commissioner, 454 F.3d 1050, 1056 (9th Cir. 2005). I agree.

The record, however, reflects that plaintiff was still using Methamphetamine when Dr. Mitchell gave his opinion and plaintiff's mother made her observations regarding plaintiff's abilities. Plainly, the medical and lay witness evidence before July 2007 was significantly influenced by plaintiff's continued drug use.  The record also reflects, however, that Plaintiff ceased using Methamphetamine when she learned she was pregnant and the record does not indicate any relapse thereafter.

"An individual shall not be considered to be disabled . . . if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled.  42 U.S.C. § 423(d)(2)©.  "[T]he key factor we will examine in

determining whether drug addition or alcoholism is a
contributing factor material to the determination of
disability is whether we would still find you disabled if
you stopped using drugs or alcohol." 20 C.F.R. §§
404.1535, 416.935.

Accordingly, on this record, I conclude a remand for
further proceedings is appropriate to obtain an updated
medical opinion from Dr. Mitchell regarding plaintiff's
ability to engage in substantial gainful activity and an
updated statement from plaintiff's mother regarding
plaintiff's psychological/mental limitations, since she
had stopped using any illegal drugs.

The court does not find there is any reason to
revisit on remand, the Commissioner's finding that
plaintiff does not have physical limitations that preclude
her from engaging in substantial gainful activity.

<u>**CONCLUSION**</u>

For the reasons stated above, the Commissioner's
Motion to Remand (#23) is **granted.** Pursuant to Sent. 4,
46 U.S.C. § 405(g), this matter is **REMANDED** for further
proceedings consistent with this opinion.

Section 406(b) of the Social Security Act "controls
fees for representation [of Social Security claimants] in
court." <u>Gisbrecht v. Barnhart</u>, 535 U.S. 789, 794

8 - OPINION AND ORDER

(2002)(citing 20 C.F.R. § 404.1728(a)).  Under 42 U.S.C. §
406(b), "a court may allow 'a reasonable [attorneys'] fee
. . . not in excess of 25 percent of the . . . past-due
benefits' awarded to the claimant."  Id. at 795 (quoting
42 U.S.C. § 406(b)(1)(A)).  Because § 406(b) does not
provide a time limit for filing applications for
attorneys' fees and Federal Rule 54(d)(2)(B) is not
practical in the context of Social Security sentence-four
remands, Federal Rule of Civil Procedure 60(b)(6) governs.
Massett v. Astrue, 04-CV-1006 (Brown, J.)(issued June 30,
2008).  See also McGraw v. Barnhart, 450 F.3d 493, 505
(10th Cir. 2006).  To ensure that any future application
for attorneys' fees under § 406(b) is filed "within a
reasonable time" as required under Rule 60(b)(6), the
Court orders as follows:  If the Commissioner finds
Plaintiff is disabled on remand and awards Plaintiff past-
due benefits and if, as a result, Plaintiff intends to
submit such application for attorneys' fees under §
406(b), Plaintiff shall submit any such application within
60 days from the issuance of the Notice of Award by the
Commissioner.

        IT IS SO ORDERED.

        DATED this 19th day of September, 2010.


                        /s/  Malcolm F. Marsh

9 - OPINION AND ORDER

MALCOLM F. MARSH
United States District Judge

10 - OPINION AND ORDER